



FILED
4/27/2022
KL
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:22-cv-00399
Judge Robert M. Dow, Jr
Magistrate Judge Maria Valdez
Random

RECEIVED
JAN 24 2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CARL A. WESCOTT
8210 E. VIA DE LA ESCUELA
SCOTTSDALE AZ 85258
CARLWSOJ@GMAIL.COM
*IN PROPRIA PERSONA*
+1 936 937 2688

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

CARL A. WESCOTT,

Plaintiff,

vs.

FIRST AMERICAN FINANCIAL CORPORATION;

FIRST AMERICAN TITLE INSURANCE COMPANY;

Defendants.

+ DOES 1 through 10

Civil Action No.

**PLAINTIFF's VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY ESTOPPEL; EQUITABLE ESTOPPEL; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and CONSUMER FRAUD**

**VERIFIED COMPLAINT**

Plaintiff Carl A. Wescott, proceeding *pro se*, using the assigned legal claims of Callister LLC (Exhibit A) complaints of Defendants First American Financial Corporation and First American Title Insurance Company (collectively, "the Defendants" or "First American") and alleges as follows:

**PLAINTIFF's VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY ESTOPPEL; EQUITABLE ESTOPPEL; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and CONSUMER FRAUD**

## JURISDICTION AND VENUE

1. This is an action for damages pursuant to 28 U.S.C. §1332 (complete diversity of citizenship and claim over $75k). The Plaintiff (and Callister LLC) are citizens of Arizona, while the Defendants, headquartered in Orange County, California, are citizens of Delaware and California.
2. The Defendants have offices, employees and other *indicia* in this district.
3. Supplemental jurisdiction over the Plaintiff's Illinois state law claims is pursuant to 28 U.S.C. § 1367(a) and the facts that the tortious acts, non-acts, and negligence complained of herein occurred in this district.

## PARTIES

1. Callister LLC is a single-member LLC, an Arizona entity.
2. Carl A. Wescott is an individual who resides in Scottsdale Arizona. To distinguish Carl A. Wescott, the person, from the Plaintiff (Carl Wescott using Callister LLC's legal claims), this legal complaint shall refer to the person as "Carl Wescott" as opposed to "the Plaintiff."
3. Defendant First American Financial Corporation is a Delaware Corporation with its principal executive offices and corporate headquarters located at 1 First American Way, Santa Ana, California. First American Financial Corporation is a citizen of the States of Delaware and California. First American Financial Corporation conducts business throughout Illinois, the United States, and the world.
4. Defendant First American Title Insurance Company is a subsidiary of First American Financial Corporation, with its Illinois office at 30 N LaSalle Street, Suite 2700, Chicago, IL 60602.

**PLAINTIFF's VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY ESTOPPEL; EQUITABLE ESTOPPEL; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and CONSUMER FRAUD**
2

## CASE SUMMARY

The Plaintiff is using the assigned legal rights and claims of Callister, LLC (Exhibit A). Carl Wescott, the person, opened escrow on behalf of a corporate lender with First American Title to handle escrow and title insurance for a transaction with Mr. Robert D. Shearer, Jr. Switching lenders along the way, Callister, LLC (now the Plaintiff) was to loan $22,134 to Mr. Shearer, not including points and fees on the principal, and not including Callister LLC's return.

Originally the loan was going to be a 15-to-30 day loan secured by a 1st Mortgage on 1400 West Sherwin, Chicago, IL 60626. However, First American Title was weeks slower than promised with necessary logistics including the prelim. The day before the anticipated signing (February 20th), the Plaintiff asked FATI to change the loan to a 7-day loan. FATI instead cancelled the escrow and transaction without talking to the Plaintiff. Mr. Shearer then stopped communicating with the Plaintiff, fell ill, and died. Callister LLC does not have the $22,780.68 ($22,134 + 2 points + $200 in fees) Deed of Trust against 1400 West Sherwin.

The administrator of Mr. Shearer's estate has sold 1400 West Sherwin. If Callister LLC had had the mortgage/Deed of Trust it should have (if FATI had not breached and cancelled the escrow), Callister would have had its capital returned by now ($22,780.68 + interest).

## ALLEGATIONS REGARDING CONSPIRARY

4. Upon information and belief, there are many more defendants, including individual Defendants. Those additional Defendants shall emerge with the benefit of legal discovery.
5. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, those individual defendants, in addition to acting for himself and herself and on his or her own

PLAINTIFF's VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY ESTOPPEL; EQUITABLE ESTOPPEL; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and CONSUMER FRAUD
3

behalf individually, as well as for the benefit of his or her marital community (if any), is and was acting as the agent, servant, employee, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the other Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

6. Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by each and all the other Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of the specific Defendants were approved, ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

7. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, the First American defendants, in addition to acting for themselves and on their own behalf, is and was acting as the agent, servant, employee, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the other Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

8. In addition, upon information and belief, there are even more corporate, trust, and other entity type Defendants currently unknown to Plaintiff, that shall emerge with the benefit of legal discovery.

**PLAINTIFF's VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY ESTOPPEL; EQUITABLE ESTOPPEL; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and CONSUMER FRAUD**

4

9. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, any and all such additional corporate entities, in addition to acting for itself and for its own behalf, was acting as the agent, servant, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the Defendants (entity and individual) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

10. Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by each and all the Defendants.

11. Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of the specific Defendants were approved, ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

**NARRATIVE AND SUMMARY OF FACTS**

1. The Plaintiff is using the assigned legal rights and claims of Callister, LLC (Exhibit A).
2. Carl Wescott opened escrow with First American Title to handle escrow and title insurance for a transaction with Mr. Robert D. Shearer, Jr.
3. The Plaintiff was to loan $22,134 to Mr. Shearer, not including points and fees on the principal, and not including Callister LLC's return.
4. Originally, the loan was going to be a 15 to 30 day loan secured by a 1st Mortgage on 1400 West Sherwin, Chicago, IL 60626. However, First American Title was weeks slower than promised.

**PLAINTIFF's VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY ESTOPPEL; EQUITABLE ESTOPPEL; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and CONSUMER FRAUD**

5

5. The day before the anticipated signing (February 20th), the Plaintiff asked FATI to change the loan to a 7-day loan.
6. FATI instead cancelled the escrow and transaction without talking to the Plaintiff (Exhibit B, email to Carl Wescott).
7. Mr. Shearer then converted the funds from Callister LLC that should have been in Shearer's IOLTA trust account and transferred to the Defendants for the loan closing, stopped communicating with the Plaintiff, fell ill, and died.
8. As a result, the Plaintiff could not effectuate the transaction that would have concluded (signing and recording) on February 21st, 2021, but for the Defendants' breaches.
9. As a result of those breaches as well as the negligence of the Defendants, the Plaintiff has been damaged in amounts including the lack of the ownership of the anticipated $22,780.68 ($22,134 + 2 points + $200 in fees) First Deed of Trust against 1400 West Sherwin, and the subsequent payoff that would have occurred.
10. Mr. Shearer's (rest in peace) estate is now in probate.
11. The administrator of Mr. Shearer's estate has already sold 1400 West Sherwin, and thus, the Plaintiff would have been paid back its loan money, but for the Defendants tortious acts.
12. To make things worse, the Plaintiff had a contract with Vivos Therapeutics, Inc., to market its oral appliance medical devices to dentists.
13. Under the terms of that contract, the Plaintiff would get paid $5000 for each converted lead.
14. The Plaintiff had a cost of leads of under $1/lead.
15. The client had a 30%+ close ratio.

**PLAINTIFF's VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY ESTOPPEL; EQUITABLE ESTOPPEL; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and CONSUMER FRAUD**

6

16. Thus, for each dollar the Plaintiff invested in his digital funnel, he would get back, as hard to believe as it may sound, over $1600.

17. The whole point of getting the money back almost immediately on the 15-day mortgage to help his attorney was to invest in Vivos leads.

18. Some other things occurred that also impacted the Plaintiff's Vivos revenue, but it's likely that the Plaintiff lost another $100k+ as a consequence of the Defendants' breach of contract and unilaterally terminating his escrow.

19. In order to right the scales of justice, the Plaintiff has had to file this legal complaint.

**DEMAND FOR JURY TRIAL**

20. Under the Seventh Amendment to the United States Constitution, the Plaintiff has a right to a jury trial for his Constitutionally-protected petitioning rights. (Also, as per *Fed. R. Civ. P 38(b)*).

21. The Plaintiff hereby respectfully requests a jury trial on all issues raised herein, including all triable facts and issues related to his current causes of action and any facts, issues, requests, and/or causes of action that the Plaintiff or his future attorney may add within the timelines allowed by this Court.

---

**Count I – Breach of Contract**

22. The Plaintiff realleges paragraphs 1-21 as if fully set out herein.

23. The parties entered into a valid contract for the Plaintiff to pay for and for the Defendants to provide, escrow services ("the Escrow Contract"), as well as lender's title insurance.

24. On the day before anticipated closing, the Defendants breached the Escrow Contract on the

**PLAINTIFF's VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY ESTOPPEL; EQUITABLE ESTOPPEL; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and CONSUMER FRAUD**

7

contrived/spurious basis that they could not insure a 7-day loan for lender's title insurance, a previously undisclosed and utterly arbitrary excuse. (They had already committed to insure a 15-day loan).

25. The Defendants made no good faith attempt to contact Carl Wescott to inform the Plaintiff that the Defendants could not and would not insure a 7-day loan. Had they done so, the Plaintiff would simply have instructed them to change the loan back to a 15-day loan and the transaction would have been effectuated.

26. As an experienced real estate investor, the Plaintiff knows and can establish that there is no actuarially significant difference in the risk between a 7-day loan and a 15-day loan which the Defendant purported to be able to insure.

27. Should it be necessary, expert witnesses will testify as to the same.

28. As a direct and proximate result of the Defendants' breach of contract, the Plaintiff lost tens of thousands of dollars in base damages that would already have been repaid.

29. The Plaintiff was further damaged in the lack of that capital by proximate events and lost opportunities, to be fully proven at jury trial.

**Count II – Promissory Estoppel**

30. The Plaintiff realleges paragraphs 1-21 as if fully set out herein.

31. Alternatively and conjunctively, the Defendant promised to provide escrow eservices and to insure the parties' 7 day loan ("the Promise").

32. The Defendant omitted to disclose its purported policy of not insuring 7 day loans ("the Omission").

**PLAINTIFF's VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY ESTOPPEL; EQUITABLE ESTOPPEL; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and CONSUMER FRAUD**

8

33. The Defendant knew or should have known that the Promise and the Omission, whether separately or conjunctively, would induce reliance on the part of the Plaintiff.

34. The Promise and the Omission did in fact induce reasonable reliance on the part of the Plaintiff, inducing him to release funds to Shearer omn the basis of a 7 day and not 15 day loan and to not contract with another title insurer.

35. As a direct result of the Plaintiff's reliance on the Promise and the Omission the Plaintiff lost the ability to claim between $22k and $66k at the time of the house selling due to the recorded instrument, as well as consequential damages, to be fully proven at jury trial.

**Count III – Equitable Estoppel**

36. The Plaintiff realleges paragraphs 1-21 as if fully set out herein.

37. By words and conduct, the Defendant conveyed a false representation of material fact, e.g. that it would insure the short-term loan and close escrow ("the Misrepresentation").

38. The Defendant expected or intended that the Plaintiff would rely on the Misrepresentation.

39. The Defendant, at the time it conveyed the Misrepresentation, possessed actual and/or constructive knowledge of the true facts, e.g. that the Misrepresentation was false and materially misleading.

40. The Plaintiff relied, in good faith, on the Misrepresentation by extending funds to Shearer in connection with a 7 day and not 15 day loan and not contracting with another title insurer.

41. The Plaintiff had no independent means of ascertaining the truth of the Misrepresentation.

42. As a direct result of the Plaintiff's reliance on the Misrepresentation the Plaintiff lost the ability to claim between $22k and $66k at the time of the house selling due to the recorded instrument,

**PLAINTIFF's VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY ESTOPPEL; EQUITABLE ESTOPPEL; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and CONSUMER FRAUD**

9

as well as consequential damages, to be fully proven at jury trial.

**Count IV – Breach of the Covenant of Good Faith & Fair Dealing**

43. The Plaintiff realleges paragraphs 1-21 as if fully set out herein.

44. In every contract entered into in the State of Illinois there is an implied paragraph of Good Faith and Fair Dealing which warrants that neither party will exercise its discretion in a manner that deprives the other part of the benefit of its bargain. *Harrison v. Sears Roebuck & Co.,* 551 N.E.2nd 310, 313 (1st Dist. 1990).

45. The Defendant exercised its discretion in connection with the escrow contract in a way that was fundamentally arbitrary – refusing to cover a 7 day as opposed to 15 day loan – in a manner that deprived the Plaintiff of the benefit of his bargain.

46. As a direct result of the Defendant's breach of the Covenant of Good Faith & Fair Dealing, the Plaintiff lost the ability to claim between $22k and $66k at the time of the house selling due to the recorded instrument, as well as consequential damages, to be fully proven at jury trial.

**Count V – Consumer Fraud**

47. The Plaintiff realleges paragraphs 1-21 as if fully set out herein.

48. The Promise and the Omission were material misstatements of fact under the Illinois Consumer Fraud & Deceptive Practices Act 815 ILCS 505/1 et seq. and occurred in the course of trade or commerce.

49. The Defendant intended that the Plaintiff rely on the Promise and the Omission.

50. As a direct result of the Defendant's Promise and Omission, the Plaintiff lost the ability to claim between $22k and $66k at the time of the house selling due to the recorded instrument, as

**PLAINTIFF's VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY ESTOPPEL; EQUITABLE ESTOPPEL; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and CONSUMER FRAUD**
10

well as consequential damages, to be fully proven at jury trial.

**PRAYER FOR RELIEF**

(a) As to Count I for all damages proximately caused by the Defendant's breach of contract;

(b) As to Count II for all damages proximately caused by the Plaintiff's reliance on the Defendant's Promise and the Omission;

(c) As to Count III for all damages proximately caused by the Plaintiff's reliance on the Misrepresentation;

(d) As to Count IV for all damages caused by the Defendant's breach of the Covenant of Good Faith & Fair Dealing;

(e) As to Count V for all damages proximately caused by the Defendant's violation of the Illinois Consumer Fraud and Deceptive Practices Act as well as for reasonable legal and paralegal fees thereunder and an aware of exemplary damages to punish and deter the Defendant from breaching the Consumer Fraud & Deceptive Practices Act in the future;

(f) For the costs of this suit and;

(g) For future attorney's fees;

(h) For a reasonable value for the Plaintiff's time (*quantum meruit*) in representing himself while he cannot afford an attorney.

(i) For such other and further relief as the Court deems just

RESPECTFULLY SUBMITTED on January 16th, 2021

Carl A. Wescott, *pro se*

**PLAINTIFF's VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY ESTOPPEL; EQUITABLE ESTOPPEL; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and CONSUMER FRAUD**

11

**VERIFICATION**

I, Carl A. Wescott, under penalties provided by law pursuant to section § 1-109 of the Illinois Code of Civil Procedure, as well as under the federal laws of the United States of America, hereby certify that the facts set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Carl A. Wescott

**PLAINTIFF's VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY ESTOPPEL; EQUITABLE ESTOPPEL; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and CONSUMER FRAUD**

12









PRESS FIRMLY TO SEAL

UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.

** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

INSPECTED BY THE UNITED STATES MARSHALS SERVICE

RECEIVED

CLERK'S OFFICE, U.S. DISTRICT COURT

RECEIVED

Intake

FROM:

Carl A. Wescott
8210 E. Via de la escuela
Scottsdale AZ 85258

TO:

Clerk of the Court
USDC
District of Illinois
Northern
Eastern Division
219 South Dearborn St
Chicago, IL 60604

# FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

UNITED STATES POSTAL SERVICE®

USPS TRACKING #

9114 9022 0078 9236 4253 29

LAB400R Aug. 2013
7690-17-000-0669

May 2020
1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PRIORITY®
MAIL

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

TRACKED ■ INSURED

EP14F May 2020
OD: 12 1/2 x 9 1/2

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.